IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THE ONE GROUP HOSPITALITY, INC., <br><br> Plaintiff, <br> v. <br><br> EMPLOYERS INSURANCE COMPANY OF WAUSAU, <br><br> Defendant. | Civil Action No. 4:22-cv-00285 <br><br> **Removed from the Circuit Court of Jackson County, Case No. 2216-CV06520** <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL
### [28 U.S.C. § 1332; 28 U.S.C. § 1441; 28 U.S.C. § 1446]

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Employers Insurance Company of Wausau ("Wausau"), hereby removes the action filed by Plaintiff The One Group Hospitality, Inc. ("TOG"), styled *The One Group Hospitality, Inc. v. Employers Insurance Company of Wausau*, No. 22-16-CV06520 (the "State Court Action"), from the 16th Judicial Circuit Court, Jackson County, Missouri, at Kansas City, to the United States District Court for the Western District of Missouri, Western Division, which is the judicial district in which the State Court Action is pending. In support of removal of the State Court Action, Wausau states as follows:

1. This civil action concerns whether the commercial property insurance policy Wausau issued to TOG covers pandemic-related business income losses.

2. TOG filed the State Court Action in the 16th Judicial Circuit Court, Jackson County, Missouri, at Kansas City on March 21, 2022. *See* Exhibit A (Petition for Declaratory Judgment and Breach of Contract).

3. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332(a)(1) and (a)(3), and Defendants may remove the State Court Action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b). It is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Wausau was served with the Petition on April 4, 2022. *See* Exhibit B (Affidavit of Service).

5. The Petition and the Affidavit of Service comprise all the documents that have been served upon Wausau in the State Court Action.

6. In its Petition, TOG alleges it "is a global hospitality company that owns and operates upscale and elevated casual restaurants worldwide, including 35 restaurants across the United States under the trade names STK and Kona Grill." Exh. A, Pet. ¶ 2. And it alleges that "[t]he pandemic had an unprecedented and catastrophic effect on TOG's property and business operations, as well as the operations of its direct and indirect suppliers, causing millions of dollars in losses." *Id.* ¶ 3.

7. According to the Petition, Wausau issued to Plaintiff a commercial property insurance policy bearing the number YAC-L9L-471218-019 for the period December 10, 2019 to December 10, 2020 (the "Policy"). *Id.* ¶ 1; *see also* Exh. C (Certified Copy of the Policy).

8. TOG alleges that "[o]n March 17, 2020, TOG provided Wausau with notice of its claim for coverage, informing Wausau that it experienced, and continues to experience, physical loss and/or damage to insured property and goods and suffered resulting business interruption losses as a result of the COVID-19 pandemic." Exh. A, Pet. ¶ 124. TOG also alleges that Wausau denied coverage under the Policy for TOG's pandemic-related financial losses on March 23, 2020 on the grounds that (a) TOG's financial losses were not covered in the absence of physical damage to property and (b) the Policy precludes coverage for losses caused by contamination. *Id.* ¶ 125.

9. TOG contends that Wausau breached the Policy when it denied coverage for TOG's pandemic-related financial losses, and it brought this suit asserting two causes of action: declaratory relief and breach of contract. *Id.* ¶¶ 128-137.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. §§ 1332 and 1446

10. Under 28 U.S.C. § 1332(a)(1), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* Here, both criteria are met.

**A.  There is complete diversity of citizenship between TOG and Wausau.**

11. TOG alleges it "is a Delaware corporation with its principal place of business in Colorado." *Id.* ¶ 16.

12. Wausau is a Wisconsin corporation with its principal place of business in Massachusetts. *See* Wausau's Corporate Disclosure Statement, filed contemporaneously herewith.

13. As TOG is a citizen of Delaware and Colorado, and Wausau is a citizen of Wisconsin and Massachusetts, there is complete diversity between the parties.

**B.  The Amount in Controversy Exceeds $75,000.00.**

14. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. The removal statute provides that "[i]f removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…." 28 U.S.C. § 1446(c)(2).

16. TOG alleges that "[t]he pandemic had an unprecedented and catastrophic effect on TOG's property and business operations, as well as the operations of its direct and indirect suppliers, causing millions of dollars in losses. Exh. A, Pet. ¶ 3; *id.* ¶ 9 ("To date, TOG has suffered millions of dollars in loss and damage, all of which remains unreimbursed by Wausau . . ."). Therefore, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

3

17. Accordingly, the requirements of 28 U.S.C. § 1332 are satisfied.

**C.    The Notice of Removal is Timely.**

18. This Notice of Removal is timely under 28 U.S.C. § 1446. Wausau has 30 days after service of the initial pleading or summons—May 4, 2022—to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). This Notice of Removal is filed within 30 days of service. *See* Exh. B (Proof of Service).

*    *    *

19. For the reasons presented, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

20. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally-filed State Court Action is pending. Wausau does not waive its right to contest venue, including pursuant to 28 U.S.C. § 1404.

21. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for TOG and shall be contemporaneously filed with the Clerk of the 16th Judicial Circuit Court, Jackson County, Missouri.

22. Copies of the Notice of Filing the Notice of Removal, and the Notice of Removal to Opposing Counsel, both of which shall be filed in the State Court Action, are attached hereto as Exhibits D and E, respectively.

WHEREFORE, Wausau respectfully removes this action from the 16th Judicial Circuit Court, Jackson County, Missouri at Kansas City, to the United States District Court for the Western District of Missouri, Western Division.

**DEMAND FOR JURY TRIAL**

Defendant Employers Insurance Company of Wausau demands a trial by jury on all issues triable by a jury herein.

Respectfully submitted this 2nd day of May, 2022,

        */s/ Bruce A. Moothart*
        Bruce A. Moothart, MO Bar No. 45517
        Nicholas Rex Daugherty, MO Bar No. 66942
        SEYFERTH BLUMENTHAL & HARRIS LLC
        4801 Main Street, Suite 310
        Kansas City, MO 64112
        Telephone: 816-756-0700
        Facsimile: 816-756-3700
        bruce@sbhlaw.com
        NickD@sbhlaw.com

        - and –

        Melissa M. D'Alelio (*Pro Hac Vice forthcoming*)
        Sandra J. Badin (*Pro Hac Vice forthcoming*)
        ROBINS KAPLAN LLP
        800 Boylston Street, Suite 2500
        Boston, MA 02199
        Telephone: (617) 267-2300
        Facsimile: (617) 267-8288
        mdalelio@robinskaplan.com
        sbadin@robinskaplan.com

        *Attorneys For Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, the foregoing was sent via electronic mail to the following attorneys for The One Group Hospitality, Inc.:

Jeremy M. Suhr MO# 60075
BOULWARE LAW LLC
1600 Genessee Street, Suite 416
Kansas City, MO 64102
T: (816) 492-2826
jeremy@boulware-law.com

David M. Cummings *(pro hac vice* forthcoming)
REED SMITH LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
T: (312) 207-1000
dcummings@reedsmith.com